McKinney, J.,
delivered the opinion of the Court.
The plaintiff in error was convicted in the Circuit Court of Marion, under the act of 1852, for placing obstructions on the track of the Nashville and Chattanooga Railroad, and was sentenced to four years imprisonment in the penitentiary. To reverse which judgment, he has prosecuted an appeal in error to this Court.
In the progress of the trial, it was attempted, on the part of the defendant, to discredit a witness for the *39 State. The Court ruled, that in doing so, “the impeaching witnesses must confine themselves to his general reputation as to the trait in question — that is, for truth.” In this, it is said the Court erred.
There seems to be some diversity of opinion upon this point, in the American Courts. In some of the States, the inquiry is restricted to the general reputation of the witness for veracity, and in others, the inquiry involves the whole moral character of the witness. The latter practice has received the uniform sanction of this Court. It has been regarded as essential to the ends of justice, that both the Court and jury should have full opportunity of knowing the entire moral character of the witness, where credit is sought to be impeached; in view of all which, it may safely be left to the jury to determine what degree of credit the witness is entitled to for truth, notwithstanding his other vices and immoralities of character, as his claims to veracity is the primary and important consideration.
There is, perhaps, scarcely less diversity of practice in regard to the questions to be put to the impeaching witness.
According to our practice, the proper inquiries are, whether the witness knows the general reputation of the person whose credibility is in question; what that reputation is; and whether, from such knowledge, the witness would believe him upon his oath. See Ford v. Ford, 7 Humph., 92, 101; 1 Greenleaf’s Ev., sec. 461, and notes.
In this view, the Circuit Court erred in restricting the inquiry into the general reputation of the witness. And for this error, the judgment must be reversed.